**Hasan Abdel Qader FANHOUN,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–4283.

United States Court of Appeals,
Sixth Circuit.

Aug. 24, 2004.

Richard T. Herman, Cleveland, OH, for Petitioner.

Ethan B. Kanter, Thankful T. Vanderstar, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Hasan Abdel Qader Fanhoun petitions for judicial review of an order by the Board of Immigration Appeals (BIA) which dismissed his appeal of an immigration judge's (IJ) determination that he was subject to removal despite his applications for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Fanhoun was born in Palestine, but left for Jordan in 1968. Fanhoun entered the United States on August 21, 1990, as a nonimmigrant visitor for pleasure with authorization to remain until October 29, 1991. The Immigration and Naturalization Service initiated removal proceedings against Fanhoun alleging that he was an alien who remained in the United States for a time longer than permitted. Fanhoun conceded removability and applied for asylum, the withholding of removal, and relief under the Convention Against Torture.

After a hearing, the IJ denied all of Fanhoun's applications on October 11, 2001, but granted Fanhoun voluntary departure. The BIA adopted the IJ's credibility findings and dismissed Fanhoun's administrative appeal on October 9, 2002.

Fanhoun filed a timely petition for judicial review on November 8, 2002. On appeal, Fanhoun argues that the BIA's streamlined procedure in reviewing the IJ's decision violated his due process rights, that the IJ erred in failing to find past persecution or the well-founded belief in future persecution, and that this court should remand the case for consideration of deferred action or stay the removal pending the completion of his visa petition.

The resolution of an asylum request involves a two-part inquiry. *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). Fanhoun must show not only that he is a refugee, but also that his application merits a favorable exercise of administrative discretion. *See id.* The IJ did not reach the discretionary step here, as Fanhoun did not meet his burden of showing that he is a refugee. A "refugee" is defined as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *accord INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001).

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

An asylum application is also treated as an application for the withholding of removal. *Mikhailevitch*, 146 F.3d at 391. However, the burden of proving eligibility for asylum is less than the burden of proving entitlement to withholding. *Id.* Thus, the failure to show that Fanhoun is eligible for asylum will also show that he is not entitled to the withholding of removal. *See id.*

Fanhoun's challenge to the BIA's streamlined procedure on due process grounds is without merit. Fanhoun's argument was rejected by this court in *Denko v. INS.*, 351 F.3d 717 (6th Cir.2003). In *Denko*, the court found that the summary affirmance rule which renders the IJ's decision the final agency order did not violate an individual's due process rights. *Denko*, 351 F.3d at 727–32. As this court has specifically rejected the constitutional arguments raised by Fanhoun, there is no reason to review the BIA's decision on this issue.

Further, the record does not compel the rejection of the IJ's finding that Fanhoun does not have a well-founded fear of future persecution. Fanhoun has no reasonable basis to fear his return to Jordan.

Fanhoun's asylum claim is that because he is Palestinian, he got paid less money in Jordan than other people for similar work; he was transferred to job locations that were less than ideal; if he were to return to Jordan, he might have difficulty finding work; and his family would no longer welcome him. He also fears that he would be persecuted by the Jordanian government based on the fact that he applied for asylum in the United States. Substantial evidence supports the IJ's conclusion that Fanhoun's claim falls short of demonstrating eligibility for asylum.

There is no evidence in the record, other than Fanhoun's own speculation, that his job difficulties were by reason of his ethnicity. On cross-examination, Fanhoun admitted that he believes he was paid a lower salary because he had not obtained a university diploma. Fanhoun provided no independent evidence that his low salary or his transfers to distant locations for training were because of any protected ground. Fanhoun testified that he was never threatened, arrested, detained, or physically harmed due to any protected ground. Substantial evidence thus supports the IJ's conclusion that Fanhoun did not suffer past persecution because of a protected ground.

The IJ also found that Fanhoun's evidence did not establish eligibility for protection under the Convention Against Torture because Fanhoun had not established that he was more likely than not to suffer torture at the hands of the government or with the government's acquiescence.

To establish a prima facie case for protection under the Convention Against Torture, Fanhoun had to show the IJ that it was more likely than not that be would be tortured if he was removed to Jordan. *See* 8 C.F.R. § 208.16(c)(2); *Ali v. Reno*, 237 F.3d 591, 596–97 (6th Cir.2001). In order to assess the risk of torture, the IJ had to consider "the possibility of future torture, including any evidence of past torture inflicted upon the applicant and evidence that the applicant is not likely to be tortured in another area of the country of removal." *Ali*, 237 F.3d at 596–97. The IJ concluded that Fanhoun did not meet his burden to show that it is more likely than not that he will be tortured if he returns to Jordan. Fanhoun did not establish that he was tortured in the past when he lived in Jordan. To the contrary, the IJ concluded that Fanhoun had never been detained, interrogated, or beaten. Thus, the evidence and information showing that Fanhoun can live in Jordan without being harassed or harmed likewise contradict Fanhoun's claim that he may be tortured if he is removed to Jordan. *See* 8

C.F.R. § 208.16(c)(3)(ii). Accordingly, the IJ did not err in denying Fanhoun's torture claim.

Fanhoun requests that the court remand the case for reconsideration for some form of relief from the harsh consequences of the IJ's decision. Should the court not want to intervene, Fanhoun believes his case is ripe for a judicial recommendation to stay the deportation pending the finalization of his visa application. However, the court lacks authority to provide such relief as the court's responsibility is to review the BIA's decision to see if it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

Accordingly, Fanhoun's petition for judicial review of the BIA's decision is denied.